IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY

FEBRUARY TERM, 1912.

---

MINNIE BEALE v. McALISTER COAL CO.

Argued November 10, 1911—Decided April 22, 1912.

Injuries received by a person which are the result of the lawful act of another, done in a lawful manner, and without carelessness or negligence, constitute no ground of liability.

---

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and VOORHEES.

For the rule, *John J. Crandall.*

*Contra, Bourgeois & Coulomb.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present action was brought to recover compensation for injuries received by the plaintiff in an accident which occurred, according to the testimony

(151)

submitted on her behalf, under the following circumstances: The defendant corporation is the owner of a coal yard which adjoins the house occupied by the plaintiff; the building being about two feet from the fence which separates the two properties. On the day upon which the accident happened, and about noon time, one of the defendant's drivers returned to the yard with his wagon and team. He proceeded to unharness the horses, both of which were gentle, and when the near horse had been entirely loosed from the wagon the animal started to walk to the barn according to his usual custom. The off horse undertook to follow his mate, and, being still attached to the wagon by the inside trace, the effect of his forward movement was to steer the wagon in a sidewise direction toward the plaintiff's property and to drive the wagon pole through the fence, and through the wall of the adjacent laundry shed at which the plaintiff was at work, and against her person, inflicting the injuries for which she seeks compensation. The defendant had owned the team for five or six years, and this was the first time any trouble of this sort had occurred with them. On these facts a nonsuit was directed, and we are now asked to set it aside on the ground that it was improvidently ordered.

We think the case made by the plaintiff exhibited no ground of liability on the part of the defendant to compensate her for the injuries she received; that the unharnessing of the team in the defendant's own yard was a lawful act goes without saying; that there was no reason to anticipate that the off horse would attempt to go to the barn before he was entirely released from the wagon, in view of his never having done so before during the whole preceding five or six years that he had been owned by the defendant, seems to us to be equally apparent. The facts, therefore, present a case in which a person has received injuries which are the result of the lawful act of another, done in a lawful manner, and without carelessness or negligence on his part. For injuries received under such conditions the person whose act produces them is not legally responsible. *Marshall* v. *Wellwood*, 9 *Vroom* 339; *Ulshowski* v. *Hill*, 32 *Id.* 375.

The rule to show cause will be discharged.